UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GRANT DAVIS,

        Petitioner,

        v.                                                Case No. 10-C-0524

JUDY P. SMITH,

        Respondent.

DECISION AND ORDER
DENYING RESPONDENT'S MOTION TO DISMISS (DOC. 18), DENYING
PETITIONER'S MOTION FOR ORDER TO ACCESS PETITIONER'S INSTITUTION
RELEASE ACCOUNT MONIES TO ADVANCE AND PROSECUTE THIS ACTION
BEFORE THE COURT (DOC. 25), APPOINTING COUNSEL FOR PETITIONER,
AND REQUIRING RESPONDENT TO ANSWER THE PETITION

Grant Davis filed a petition for a writ of habeas corpus arguing that defense counsel was ineffective throughout his revocation proceedings. Simultaneously, he moved for appointment of counsel and to proceed in forma pauperis. The court ordered Davis to file an amended petition on the form provided and denied his request to proceed in forma pauperis. After Davis filed an amended petition without the form, the court noted that the form had not been provided to Davis. Later, a second amended petition was filed on the proper form, the court denied Davis's request for appointment of counsel, granted Davis access to his release account, and ordered respondent to "answer or otherwise respond" to the amended petition. As a consequence, the case is before the court on respondent's motion to dismiss.

Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts permits federal courts to apply the Federal Rules of Civil Procedure to petitions for habeas corpus relief when appropriate. However, respondent did not identify the rule under

which she moves to dismiss the amended petition or otherwise file the transcripts contemplated by Rule 5, Rules Governing Section 2254 Cases. As such, the court views the motion to dismiss as testing the sufficiency of the second amended petition and considers only the petition and documents attached thereto.[1] *Powers v. Pollard*, 2011 WL 5900775 *3 (E.D. Wis. 2011)

Based on the allegations of the second amended petition and the documents attached to the petition, it appears that Davis is challenging a June 27, 2006, revocation order by the Wisconsin Division of Hearings and Appeals. (Doc. 19-1, Ex. A.) The order imposed a two year period of reincarceration and the forfeiture of good time credits. Attached to the second amended petition were two letters from the Wisconsin State Public Defender. The first, dated December 5, 2006, indicates that the office could not appoint counsel because Davis's time to appeal the revocation had expired. (Doc. 9, 12/5/06 Letter.) The second, dated February 9, 2007, references additional information and documents received from Davis regarding appointment of counsel. (Doc. 9, 3/9/07 Letter.)

Also attached to the second amended petition is a letter from the State of Wisconsin Division of Hearing and Appeals in response to Davis's September 19, 2008, letter inquiring about the revocation proceeding. (Doc. 9, 10/10/08 Letter.) A second letter, dated April 6, 2009, from the Wisconsin Division of Hearing and appeals construes Davis's letter as a request for reconsideration of the decision based on newly discovered evidence and denies the same. (Doc. 7, 4/6/09 Letter.)

---

[1] Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

Davis filed a petition for a writ of habeas corpus with the Wisconsin Supreme Court, and on August 17, 2009, the Supreme Court ordered Attorney Jon Spansail to file a response to the petition. (Doc. 7, Ex. C1.) Spansail filed his response on August 31, 2009, indicating that Davis fell within an exception to the preliminary hearing requirement DOC 331.04(2)(b) because Davis signed a written statement admitting the violation. (Doc. 7, D1.) A statement attached by Davis to the second amended petition indicates that he refused to sign the statement and walked away stating "I want a hearing because the Judge will give me a better deal." (Doc. 7, D5.) The Wisconsin Supreme Court denied the petition for a writ of habeas corpus on November 3, 2009. (Doc. 7, E1.) Davis filed the pending petition for a writ of habeas corpus with this court on June 24, 2010. (Doc. 1.)

In the second amended petition, Davis argues that his Sixth Amendment rights were violated during a parole revocation hearing on May 26, 2006, when the administrative law judge failed to permit him to appear and that he was provided ineffective assistance of counsel. Respondent moves to dismiss on the grounds that: 1) Davis exhausted his confrontation claim but it is procedurally defaulted; 2) Davis fails to state a cognizable constitutional claim as to the ineffective assistance of counsel at the revocation hearing; and 3) his habeas petition is untimely.

Respondent first raises procedural default as a bar to Davis's confrontation clause claim. In other words, if Davis failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 853-5, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). However, procedural default can be overcome if Davis establishes cause for the default and prejudice resulting therefrom or that

3

denial of relief will result in a miscarriage of justice. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

In his multiple responses to the motion to dismiss, Davis asserts that he is illiterate and has documented low comprehension scores on tests. However, courts have held repeatedly that a person's limited education and minimal comprehension of the legal system cannot establish cause for procedural default. *Harris v. McAdory*, 334 F.3d 665, 668-69 (7th Cir. 2003) (Petitioner's pro se status and lack of education "does not constitute adequate grounds for cause."). The Seventh Circuit has held that illiteracy is insufficient to establish cause for procedural default. *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461,1465-66 (11th Cir. 1989).

Nevertheless, Davis raises these issues in the context of an ineffective assistance of counsel claim. Admittedly, case law does not establish a right to counsel on review of revocation of probation or parole. *See State ex rel. Griffin v. Smith*, 2004 WI 36, 45, 270 Wis. 2d 235, 677 N.W. 2d 259 ("[A]lthough parolees have a right to counsel at the parole revocation hearing, they have no administrative or statutory right to counsel to timely file for certiorari in the circuit court."). At the same time, Davis was entitled to effective assistance of counsel during the revocation proceedings and he asserts that he was denied this right at all stages of the revocation proceedings. (Doc. 21.)

Ineffective assistance of counsel can establish cause for procedural default if it was raised below in the state courts. In addition, Davis may assert a due process violation where he maintains that he has not committed the alleged violation of the conditions upon which he is at liberty; or that, even if the violation is a matter of public record or is uncontested,

4

there are substantial reasons which justified or mitigated the violation and make revocation inappropriate." *See United States v. Eskridge*, 445 F.3d 930, 932-33 (7th Cir. 2006).

On a motion to dismiss, the court cannot resolve the discrepancies between the motion, responses filed by Davis, and the few documents attached to the second amended petition and motion. For example, Davis argues that counsel failed to request a preliminary hearing. A request for a preliminary hearing would have failed (with no prejudice to Davis) if Davis provided a statement admitting the violation. Wis. Admin. Code DOC § 331.04(2)(b). However, there appear to be two statements before this court. The second statement, dated March 29, 2006, indicates that offender may have started to make a statement but refused to continue and demanded a hearing. (Doc. 7, D5).

In addition, it is unclear whether Davis is asserting actual innocence. Davis's response to the motion to dismiss, which was prepared by another inmate, indicates that Davis participated in the Sex Offender Treatment program from January 18, 2006, until April 24, 2006, whereas the revocation summary indicates he refused to participate in the SOT. While a response brief is not evidence, this court has concerns about proceeding to the merits without the benefit of the record and based on the representations that Davis cannot read or comprehend the materials. The court also notes that Davis's response indicates that the transcript of the December 27, 2005, revocation and subsequent proceedings or documents will support his claims. Further, the inmate assisting Davis has renewed Davis's request that counsel be appointed and Davis seeks access to his release account to provide respondent with a "verified copy" of the response.

As a final matter, respondent argues that the petition is untimely while admitting that the procedural posture of the case is unusual. In *Cox v. McBride,* 279 F.3d 492, 493 (7th

5

Cir. 2002), the Seventh Circuit Court of Appeals held that the AEDPA period did not apply to a habeas corpus challenge to custody pursuant to a non-court decision such as the one by an Indiana prison disciplinary board imposing additional custody. Regardless, it appears that Davis made some attempt to preserve his rights. Whether these attempts were taken in a timely manner shall be determined after the answer is filed and subsequent briefing complete. Now, therefore,

IT IS ORDERED that respondent's motion to dismiss is denied. Respondent shall answer the petition for habeas relief in compliance with Rule 5, Rules Governing Habeas Corpus Cases Under Section 2254. The answer shall be filed on or before April 27, 2012.

IT IS FURTHER ORDERED that counsel shall be appointed to represent Davis for the purpose of briefing the issues raised in the amended petition.

IT IS FURTHER ORDERED that a brief in support of the amended petition is due on or before May 29, 2012. Respondent shall file a brief in response on or before June 29, 2012. Any reply brief is due on or before July 18, 2012. Counsel shall address timeliness and procedural default.

IT IS FURTHER ORDERED that Davis's motion for order to access petitioner's institution "release account monies" to advance and prosecute this action before the court is denied. Davis has not identified any need for the legal loans at this time and counsel is being appointed to assist with the briefing of the issues raised.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE